**KAZEROUNI LAW GROUP A.P.C.**
Ross H. Schmierer, Esq. (RS-7215)
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
Phone: (732) 588-8688
ross@kazlg.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| XAVIER DUPERVIL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DERMATOLOGY SPECIALISTS LLC d/b/a The Dermatology Specialists,<br><br>Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff XAVIER DUPERVIL ("Plaintiff") brings this class action complaint (the "Complaint") against DERMATOLOGY SPECIALISTS LLC d/b/a The Dermatology Specialists ("Defendant"), and alleges, upon personal knowledge as to his own conduct, and upon information and belief as to the conduct of others, as follows:

1

## INTRODUCTION

1. Plaintiff brings this Complaint against Defendant to stop Defendant from violating the Telephone Consumer Protection Act, 47 U.S.C §§ 227, *et seq*. ("TCPA") and invading the privacy of Plaintiff and the putative class. Specifically, Defendant has continually made several unauthorized telephone calls to Plaintiff's cellular telephone using an artificial and/or pre-recorded voice. To make matters worse, Plaintiff has continually asked Defendant to cease harassing him, but the unlawful conduct continues.

2. In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring Defendant to cease such prohibited communications as well as an award of statutory damages for himself per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

## PARTIES

3. Plaintiff is an individual and citizen of New York. At all times mentioned herein, Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

4. Upon information and belief, Defendant is a domestic limited liability company.

5. At all times relevant to the Complaint, the Defendant has conducted business in the State of New Jersey and within this judicial district.

6. At all times mentioned herein, Defendant was a "person" as defined by 47 U.S.C. § 153(39).

7. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, vendors, servants, representatives, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, representatives or employees.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

9. The Court has personal jurisdiction over Defendant because Defendant is located in this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## LEGAL BASIS FOR THE CLAIMS

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy.…" Telephone Consumer

3

Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

12. Specifically, the TCPA restricts telephone solicitations (i.e., telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines.

13. In its initial implementation of the TCPA rules, the Federal Communications Commission ("FCC") included an exemption to its consent requirement for prerecorded telemarketing calls. Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines.

14. Effective October 16, 2013, however, this established business relationship exemption was eliminated.

15. Therefore, all pre-recorded telemarketing calls to residential lines and all pre-recorded calls to wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

16. As of October 16, 2013, unless the recipient has given prior express ***written*** consent,[1] the TCPA and FCC rules under the TCPA generally:

---

[1] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

- Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

- Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibit solicitations to residences that use an artificial voice or a recording.

- Prohibit any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibit autodialed calls that engage two or more lines of a multi-line business.

- Prohibit unsolicited advertising faxes.

- Prohibit certain calls to members of the National Do Not Call Registry.

17. Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

18. Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

19. With respect to misdialed or wrong-number calls, the FCC clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15-72, 30 F.C.C.R. 7961, 71-72 (July 10, 2015). "If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." *Id*. Thus, any second call placed to a wrong number violates the TCPA.

## FACTUAL ALLEGATIONS

20. According to its website, Defendant is full-service dermatology practice with 50+ locations in the tri-state area.

21. As alleged with specificity herein, Defendant knowingly and willfully made (and continues to make) phone calls utilizing an artificial or pre-recorded message without the prior express written consent of the call recipients.

22. Through its methods, Defendant has invaded the personal privacy of Plaintiff and members of the Classes defined below.

23. Upon information and belief, Defendant has intentionally and repeatedly violated the TCPA, and will continue to do so in violation of Plaintiff's and the Class members rights absent judicial relief and legal redress.

**Defendant Unlawfully Calls Plaintiff**.

24. At all times relevant to this Complaint, Plaintiff was assigned, and was the owner of, a cellular telephone number ending in - 2821("Cell Phone").

25. Several years ago, Defendant incorrectly claimed that Plaintiff owed it monies on a bill.

26. Thereafter, Defendant retained I.C. SYSTEM, INC. ("IC") to collect on this alleged bill.

27. After IC began contacting Plaintiff, Plaintiff filed a lawsuit against IC in the State of New York, Civil Court of the City of New York, New York County, for the actions relating to I.C.'s collection attempts of the disputed debt purportedly owed to Defendant.

28. Ultimately, that case settled and the parties entered into a confidential settlement agreement.

29. A few months later, however, Defendant began harassing Plaintiff *again* about this disputed debt.

30. Specifically, Defendant called Plaintiff's cellphone using a pre-recorded message, as defined by 47 U.S.C. § 227(a)(1).

31. Due to the cadence and tone of the pre-recorded message, Plaintiff was able to discern that, at the outset of the call, there was not a live representative on the line and that Defendant was utilizing a pre-recorded message.

32. When Plaintiff heard Defendant's message at the outset of the call, Plaintiff was able to determine that it was a pre-recorded message and that he was not speaking to a live person. *See, Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

33. It was evident to Plaintiff that the voice message he heard was pre-recorded because, *inter alia*: (a) the generic content of the voice message; and (b) the tone, cadence and inflection of the voice message, which sounded to the Plaintiff's ears like a pre-recorded message, rather than a personal voice message that was placed personally for the Plaintiff by a live human being on the line.

34. Plaintiff has previously received both pre-recorded voice messages and regular non-prerecorded voice messages, and can differentiate the characteristics and sounds of a pre-recorded voice message in contrast to an ordinary voice message.

35. Based on the Plaintiff's own personal experience, the voice message received from Defendant clearly sounded like a pre-recorded voice message.

36. After the pre-recorded message is played, the artificial voice instructed Plaintiff to press "7."

37. After pressing "7," Plaintiff is connected to Defendant's agent.

38. On at least eight (8) different occasions, Plaintiff has repeatedly advised the agent that he does not owe any monies and he also requested that Defendant stop contacting him and stop calling his Cell Phone.

39. Despite these requests, Defendant continues to knowingly and willfully make phone calls utilizing an artificial or pre-recorded message without his prior express written consent.

40. Defendant has left Plaintiff with no choice but to file this lawsuit to prevent further harassment.

## LEGAL CLAIMS

41. Defendant's calls to Plaintiff's Cell Phone were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

42. Plaintiff did not provide Defendant "prior express written consent" to make these calls to his Cell Phone utilizing a pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

43. The unwanted communications Defendant made to Plaintiff invaded Plaintiff's privacy and violated 47 U.S.C. § 227(b)(1).

44. Upon information and belief, Defendant did not make these calls to Plaintiff's Cell Phone and other similarly situated persons in error, nor were such telephone communications made for emergency purposes.

45. Plaintiff properly alleges injuries in fact, which are fairly traceable to Defendant's unlawful acts, and are likely to be redressed by a favorable judicial decision.

46. Among other harms caused by the unlawful calls at issue, receiving the unwanted phone calls resembles the kind of harm associated with invasion of privacy and intrusion upon seclusion.

47. In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff, on behalf of himself and the Class of similarly situated individuals, bring suit under the TCPA, 47 U.S.C. §§ 227, *et seq.*, which prohibits certain unsolicited voice calls to cellular phones.

48. On behalf of Plaintiff and the Class, Plaintiff seeks an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees for the unlawful calls

## CLASS ACTION ALLEGATIONS

49. Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the following Class:

> All persons within the United States: (1) who received any phone calls from or on behalf of Defendant; (2) to said person's cellular telephone; (3) made through the use of an artificial or prerecorded voice call; (4) without such person's prior express consent to receiving such calls; (5) within the four years prior to the filing of this Complaint.

50. Plaintiff reserves the right to modify the definition of the Class as warranted as facts are learned in further investigation and discovery.

51. Plaintiff and the members of the Class were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class via their cellular telephones using an artificial and/or pre-recorded voice, thereby causing annoyance to Plaintiff and the Class and also invading the privacy of Plaintiff and Class.

52. Plaintiff does not know the number of members in the Class, but believes the members of the Class number in the thousands, if not more. Thus, the members of the Class are so numerous that joinder of all of them is impracticable, and this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

53. The members of the Class are ascertainable because the Class is defined by objective criteria and the Class members can be identified through Defendant's records or Defendant's agents' records.

54. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.

55. There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes.

56. Common questions for the Classes include, without limitation:

- Whether Defendant's conduct violated the TCPA;

- Whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct;

- Whether Defendant made phone calls to consumers using a pre-recorded voice to any telephone number assigned to a cellular phone service; and

- Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

57. As a person who received calls, other than calls made for emergency purposes, using an artificial or prerecorded voice to his Cell Phone, and who did not

provide Defendant prior express consent, Plaintiff is asserting claims that are typical of the Class.

58. Plaintiff and the Class suffered irreparable harm and invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA, and suffered damages as a result of the Defendant's uniform unlawful and wrongful conduct.

59. Absent a class action, the Class will continue to be damaged and face irreparable harm.

60. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.

61. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

62. Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex class actions.

63. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

64. This class action is appropriate for class certification because Defendant has acted or refused to act on grounds generally applicable to the Class

as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and making final injunctive relief appropriate with respect to the Class as a whole.

65. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

66. This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

67. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

68. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.

69. Even if members of the Class could sustain such individual litigation, a class action would still be preferable because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

70. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and

comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. §§ 227, *ET SEQ.*

71. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. Without obtaining prior express consent, Defendant made unauthorized phone calls using an artificial or pre-recorded voice to the cellular telephones of Plaintiff and the Class members.

73. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq*.

74. Defendant's conduct invaded Plaintiff's privacy.

75. As a result of Defendant's violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## *47 U.S.C. §§ 227, ET SEQ.*

76. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

77. At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

78. Defendant knew that it did not have prior express written consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice in violation of the TCPA.

79. Defendant willfully and/or knowingly allowed calls to be placed to Plaintiff and Class members utilizing an artificial or pre-recorded voice. For instance, Defendant could have determined from a review of its own business records that it did not have the required prior express written consent to contact Plaintiff and/or Class members yet disregarded such information and placed illegal calls.

80. Because Defendant knew or should have known that Plaintiff and Class Members never gave their prior express written consent to receive prerecorded calls, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

81. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for the following relief and judgment against Defendant:

    a. An Order certifying this action to be as a Class Action pursuant to Federal Rule of Civil Procedure 23, establishing the defined Class and any subclasses the Court deems appropriate, appointing Plaintiff is a proper representative of the Class, and

    b. appointing the law firm representing Plaintiff as Class Counsel;

    c. An Order declaring Defendant's conduct, as alleged above, was in violation of the TCPA;

    d. On the First Cause of Action and as a result of Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff seeks for himself and each Class member: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; (vi) any other relief the Court may deem just and proper;

    e. On the Second Cause of Action and as a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff seeks for himself and each Class member: (i) $1,500.00 in statutory damages, for each and

every violation, pursuant to 47 U.S.C. §227(b); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; and (vi) any other relief the Court may deem just and proper;

f. Post-judgment interest as allowed by applicable law; and

g. Any other further relief that the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable and all questions of fact raised by the Complaint.

Dated: April 15, 2025

**KAZEROUNI LAW GROUP, A.P.C.**

By: _____
Ross H. Schmierer, Esq.
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
(T): (732) 588-8688
ross@kazlg.com

*Attorneys for Plaintiff*

18

## **CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: April 15, 2025

By: _____
Ross H. Schmierer, Esq.