**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| XAVIER DUPERVIL,<br><br>Plaintiff,<br><br>v.<br><br>DERMATOLOGY SPECIALISTS, LLC,<br><br>Defendant. | No. 25cv2707 (EP) (JSA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiff Xavier Dupervil brings claims against Defendant Dermatology Specialists, LLC for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, arising from Defendant's several unauthorized phone calls to Plaintiff's cellphone using an artificial or prerecorded voice. D.E. 1 ¶ 1 ("Complaint" or "Compl.").[1] Plaintiff seeks, among other remedies, class action certification, statutory damages, and injunctive relief prohibiting such conduct in the future. *Id.* at 17. Defendant was served twice and has failed to appear. D.Es. 3, 6; *see* Dkt. Plaintiff now moves for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). D.E. 15 ("Motion" or "Mot."). Defendant has not opposed. *See* Dkt. The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court will **GRANT in part** the Motion.

[1] Although this case was originally filed as a putative class action, no class was ever certified. Plaintiff files this Motion only on behalf of himself. *See* Mot.

## I. BACKGROUND[2]

Years before Plaintiff filed this Complaint, Defendant claimed that Plaintiff owed it money and retained I.C. System, Inc. ("IC") to collect the debt. Compl. ¶¶ 25–26. After IC contacted Plaintiff and attempted to collect Plaintiff's debt owed to Defendant, Plaintiff filed a lawsuit against IC in the Civil Court of the City of New York, New York County, for IC's actions relating to its collection attempts. *Id.* ¶ 27. The case settled, and the parties entered into a confidential settlement agreement. *Id.* ¶ 28.

Months later, Defendant again called Plaintiff on his cellphone about the disputed debt. *Id.* ¶¶ 29–30. Based on the message's generic content, cadence, tone, and inflection, along with Plaintiff's prior experience receiving prerecorded and live messages, Plaintiff discerned that there was no live representative on the call and that Defendant was using a prerecorded message. *Id.* ¶¶ 32–35. After the prerecorded message finished, an artificial voice instructed Plaintiff to press "7" to connect with Defendant's agent. *Id.* ¶¶ 36–37. Plaintiff followed this prompt, and once connected with Defendant's agent, advised the agent that he did not owe any money to Defendant and requested that Defendant stop contact him on his cellphone. *Id.* ¶ 38. Despite Plaintiff's request in the first call, Defendant continued calling Plaintiff using an artificial or prerecorded message without Plaintiff's express consent. *Id.* ¶ 39; Mot. at 10–11.

As a result, on April 15, 2025, Plaintiff filed the Complaint, asserting one count for negligent violations of the TCPA and another for knowing or willful violations based on Defendant's continued calls after Plaintiff directed it to stop. *See* Compl. Defendant was served

[2] "A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citation modified).

with the summons and the Complaint on May 23, 2025, and again on July 29, 2025. D.Es. 3, 6. After Defendant failed to timely appear or answer the Complaint, Plaintiff requested a clerk's entry of default. D.E. 8. The Clerk of Court thereafter entered default against Defendant on September 19, 2025, and this Motion followed. *See* Dkt. To date, Defendant has not appeared.

## II. LEGAL STANDARD

A district court may enter default judgment against a party that fails to plead or otherwise defend against claims. *See* Fed. R. Civ. P. 55(b)(2). Although courts have discretion in granting default judgment, the Third Circuit has emphasized that such discretion is "not without limits" and has repeatedly stated its "preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (collecting cases). The Court accepts the well-pleaded factual allegations in the complaint, except for those allegations pertaining to damages, which the plaintiff must prove. *Comdyne I*, 908 F.2d at 1149.

Before granting default judgment, the Court must determine whether: (1) it has subject matter jurisdiction over the claim at issue and personal jurisdiction over the defendant; (2) the defendant was properly served; (3) the complaint states a sufficient cause of action; and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. HH Pramukh, LLC*, No. 15-4318, 2016 WL 7231598, at *1 (D.N.J. Dec. 14, 2016) (citation omitted).

After making those determinations, the Court must also consider "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Trs. of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund, Vacation Fund, & Painters Dist. Council 711 Finishing Trades Inst. v. Leo Constructing, LLC*, 718 F. Supp. 3d 436, 441 (D.N.J. 2024) (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)).

## III. ANALYSIS

Because the Court has jurisdiction over the matter, service was proper, and Plaintiff adequately states a TCPA claim, the Court will **GRANT in part** Plaintiff's Motion.

### A. The Court Has Jurisdiction

The Court has federal question jurisdiction because Plaintiff's causes of action arise under the TCPA, 47 U.S.C. § 227, a federal statute.

The Court also has personal jurisdiction over Defendant. Courts may exercise general jurisdiction over a defendant with respect to all claims when that defendant is "at home in the forum State." *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011). "[F]or the purposes of general personal jurisdiction, a limited liability company's citizenship is that of its principal place of business and state of [formation]." *Hannah v. Johnson & Johnson Inc.*, No. 18-10319, 2020 WL 3497010, at *16 (D.N.J. June 29, 2020) (collecting cases). As Plaintiff alleges Defendant is at home in New Jersey, Compl. ¶ 9, and public records confirm that Defendant is incorporated in New Jersey, and Defendant was served at its offices in New Jersey, *see* Section III.B, *infra*, the Court has personal jurisdiction over Defendant. *See InnovAsian Cuisine Enters., Inc. v. Innovasian Taco*, No. 19-16296, 2020 WL 3969917, at *3 (D.N.J. July 14, 2020) ("the Court finds that it has personal jurisdiction over the Defendant because its authorized agent was served with the Summons and Complaint").

### B. Service Was Proper

"An unincorporated association, such as a limited liability company, must be served" either according to (1) the manner for serving an individual pursuant to Federal Rule of Civil Procedure 4(e)(1), or (2) "by 'delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive

service of process,'" *Cerrato v. Seaboard Corp. Servs., LLC*, No. 19-9448, 2020 WL 2559535, at *1 (D.N.J. May 20, 2020) (quoting Fed. R. Civ. P. 4(h)(1)(B)). Fed. R. Civ. P. 4(h).

Here, using a process server, Plaintiff first served Defendant on May 23, 2025, by leaving a copy of the summons and Complaint with Barbara Kania, an authorized agent for Defendant, at Defendant's Hillsborough, New Jersey office. D.E. 3. On July 29, 2025, Plaintiff again served Defendant by leaving a copy of the summons and Complaint with Carly Rock, another authorized agent for Defendant, at Defendant's Hackensack, New Jersey office. D.E. 6. Service was therefore proper.

### C. Plaintiff Adequately Alleges Violations of the TCPA

Plaintiff has pleaded a viable TCPA claim against Defendant. Plaintiff alleges violations of Section 227(b)(1)(A)(iii) of the TCPA. Compl. ¶¶ 41–42. Under that section, it is "unlawful for any person . . . to make any call (other than a call . . . made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service, . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). Thus, to adequately state a claim under this section, a plaintiff must allege: (1) the defendant called his cellular telephone number; (2) using a prerecorded voice; and (3) without the plaintiff's prior express consent. *Doyle v. Matrix Warranty Sols., Inc.*, 679 F. Supp. 3d 42, 44–45 (D.N.J. 2023).

*First*, the Complaint adequately alleges that Defendant called Plaintiff's cellphone. *See* Compl. ¶ 30.

*Second*, the Complaint alleges that Plaintiff could tell the call used a prerecorded voice based on the generic content, tone, cadence, and inflection of the voice message. *Id.* ¶¶ 31–32. On their own, such allegations may be too conclusory to allege this second element, *see Zemel v.*

*CSC Holdings, LLC*, No. 18-2340, 2018 WL 6242484, at *3 (D.N.J. Nov. 29, 2018) ("A plaintiff must provide 'at least some [] detail regarding the content of the messages or calls, thereby rendering the claim that an ATDS was used more plausible.'" (quoting *Aikens v. Synchrony Fin.*, No. 15-10058, 2015 WL 5818911, at *3 (E.D. Mich. July 31, 2015))). However, with Plaintiff's allegation that he was instructed to press "7," which ultimately took him to a live agent, the Complaint sufficiently alleges that the calls plausibly began with a prerecorded message. Compl. ¶¶ 36–37; *see Todd v. Citibank*, No. 16-5204, 2017 WL 1502796, at *6 (D.N.J. Apr. 26, 2017) (finding a plaintiff sufficiently alleged the second element when complaint alleged (1) plaintiff heard a silence before the recording began and (2) the recording directed plaintiff's husband to enter a "key code" number to hear a message).

*Third*, Plaintiff adequately alleges that Defendant lacked Plaintiff's express consent for these calls, *id.* ¶¶ 38–39. Therefore, Plaintiff sufficiently alleges violations of the TCPA.

**D. Default Judgment Factors**

Having determined that Plaintiff adequately alleges a TCPA claim, as previewed above, the Court considers whether default judgment is appropriate by assessing the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164. As explained below, the Court finds that all three factors weigh in favor of granting default judgment and that default judgment is thus appropriate.

*1. Prejudice to Plaintiff*

"As to the first factor, '[w]hen a defendant fails to respond to a plaintiff's claims, the plaintiff will be prejudiced absent a default judgment because [the] plaintiff will be left with no other means to vindicate his or her claims.'" *United States v. DiPiazza*, No. 16-518, 2016 WL

7015625, at *2 (D.N.J. Nov. 30, 2016) (quoting *United States v. Vo*, No. 15-6327, 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016)); *see also Fridline v. Millennia Tax Relief, LLC*, 727 F. Supp. 3d 517, 522 (M.D. Pa. 2024) (finding default judgment in TCPA action appropriate because "[d]efendant's decision not to appear before this Court would otherwise prevent Plaintiff from recovering any damages for his claim").

Here, Plaintiff would be prejudiced if default judgment were denied. Defendant's time to answer or otherwise respond to the Complaint expired no later than August 19, 2025. *See* Dkt.; Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant's failure to participate in this case has obstructed Plaintiff's ability to pursue relief and, without a default judgment, he has no other means of obtaining redress for the alleged harm. *See Fridline*, 727 F. Supp. 3d at 522.

*2. There is no evidence that Defendant has a litigable defense*

"The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

Here, Defendant has not presented a litigable defense. Because Defendant never answered or responded to the Complaint—despite being served twice—the Court cannot consider any of Defendant's defenses. *See Trs. of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund, Vacation Fund, & Painters Dist. Council 711 Finishing Trades Inst. v. Leo Constructing, LLC*, 718 F. Supp. 3d 436, 444 (D.N.J. 2024) (holding that given the defendant's "failure to appear, the Court 'cannot consider any defenses'").

*3. Defendant is culpable in the default*

"To be 'culpable,' the conduct leading to the entry of default must have been willful,

intentional, reckless or in bad faith. More than mere negligence is required." *Bank v. Lake Ests. Condo. Assoc., Inc.*, No. 11-5338, 2012 WL 1435637, at *6 (D.N.J. Apr. 25, 2012) (citing *Gross v. Stereo Component Sys. Inc.*, 700 F.2d 120, 124 (3d Cir. 1983); *Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 460 (3d Cir. 2011)); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

Because Defendant has failed to appear for nearly a year since being served, the Court finds Defendant culpable. *G&G Closed Cir. Events, LLC v. Don Tequila Bar & Grill LLC*, No. 19-84, 2020 WL 133033, at *2 (D.N.J. Jan. 13, 2020) ("[T]he Court is permitted to infer Defendants' culpability based on their failure to answer without any explanation").

**E. Plaintiff Is Entitled to Damages and Costs**

Having found that Plaintiff has adequately stated his claims and that default judgment is appropriate, the Court now considers damages. The Court will award Plaintiff $3,902 in damages and costs, comprising $3,500 in statutory damages and $402 in costs.

*1. Statutory damages*

Under the TCPA, Plaintiff is entitled to receive $500 in damages for each violation. *See* 47 U.S.C. § 227(b)(3)(B). Further, "[i]f the court finds that the defendant willfully or knowingly violated [Section 227(b)], the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available . . . ." 47 U.S.C. § 227(b)(3). Plaintiff seeks damages for four calls: an initial call on September 25, 2024, and three subsequent calls on March 14, 2025, March 20, 2025, and October 10, 2025. Mot., Ex. 2, Declaration of Xavier Dupervil ("Dupervil Decl.") ¶¶ 16, 19–20. The Court may consider only the first three calls.

Plaintiff cannot recover damages for the October 10, 2025 call. The Complaint was filed

on April 15, 2025, and the Clerk entered default on September 19, 2025—before that call occurred. A default admits only factual allegations in the Complaint; it does not admit later events first identified in a declaration supporting default judgment. *See Comdyne I*, 908 F.2d at 1149. Because the October 10 call is an alleged TCPA violation arising after the Complaint, Plaintiff was required to seek leave to add it through an amended complaint under Federal Rule of Civil Procedure 15(d). He did not do so. The Court therefore **DENIES** Plaintiff's request for damages arising from that call and, and proceeds to consider Plaintiff's damages arising from the September 25, 2024, March 14, 2025, and March 20, 2025 calls.[3]

Plaintiff alleges that "after requesting that Defendant stop calling him he then received . . . additional calls from Defendant." Mot. at 11. Plaintiff therefore seeks the standard $500 statutory damages for the first phone call and treble damages in the amount of $1,500 for each of the subsequent phone calls, under the statutory multiplier. Mot. at 10–11. The Court assesses these requests in turn.

*First*, Plaintiff seeks $500 for the first prerecorded call to his cellphone in which he requested that Defendant stop calling him. Because, as discussed above, his allegations adequately establish this first Section 227(b) violation, the Court finds that Plaintiff is entitled to $500 in damages for Defendant's first call.

---

[3] The Court notes that the Complaint's failure to identify the precise dates of the first three calls does not preclude recovery for those calls. A TCPA complaint need not provide the precise details of every call, so long as the complaint supplies enough factual information to place the defendant on notice of the allegedly offending communications. *Norman v. Sito Mobile Sols.*, No. 17-2215, 2017 WL 1330199, at *2 (D.N.J. Apr. 6, 2017). Here, the Complaint alleges that Defendant repeatedly called Plaintiff's cellphone using an artificial or prerecorded voice, describes the manner in which the calls operated, alleges that Plaintiff directed Defendant to stop calling, and alleges that Defendant continued calling despite that request. Compl. ¶¶ 29–39. Those allegations adequately pleaded the pre-Complaint conduct giving rise to liability, while Plaintiff's declaration identifies the dates and number of violations for purposes of calculating damages. *See* Dupervil Decl. ¶¶ 13, 19–20.

*Second*, Plaintiff argues that Defendant willfully violated the TCPA by placing three additional calls after Plaintiff requested that the calls stop. Mot. at 10–11. Plaintiff therefore seeks treble damages of $1,500 for each call, for a total of $4,500. *Id.* As discussed above, the Court will award Plaintiff damages for the second and third calls, but not the fourth call, for a total of $3,000.

"[A] TCPA violation is willful and knowing where the defendant contacted the claimant, even though it knew that it did not have his or her express consent." *Cunningham v. Cap. Advance Sols., LLC*, No. 17-13050, 2019 WL 7293410, at *2 (D.N.J. Dec. 30, 2019). Plaintiff alleges that during the first phone call, after Plaintiff was connected with Defendant's live agent, he "advised the agent that he does not owe any monies and he also requested that Defendant stop contacting him and stop calling his Cell Phone." Dupervil Decl. ¶¶ 10–12. Plaintiff argues that as a result, "the three subsequent violations were made willfully or knowingly entitling him to treble damages." Mot. at 11.

Plaintiff's declaration states that he explicitly instructed Defendant's agent to stop calling his cellphone. Dupervil Decl. ¶¶ 10–12; Mot. at 10–11. The Court finds that Defendant knew that it did not have Plaintiff's express consent to call him, yet continued to do so. Therefore, Defendant's conduct was willful and knowing. *Compare Marks v. Unique Lifestyle Vacations, LLC*, No. 20-4915, 2024 WL 1051974, at *5 (E.D. Pa. Mar. 11, 2024) (awarding treble damages because plaintiff joined the do not call registry, sent a letter demanding that the defendant stop calling him, and made oral requests) *with Cunningham*, 2019 WL 7293410, at *2 (declining to award treble damages because plaintiff only alleged "self-serving remarks," and did not cite any case law or provide an explanation outside of "self-serving remarks" to argue that the defendant's conduct was willful and knowing).

Having found that Defendant's second and third calls were willful and knowing, the Court will grant Plaintiff treble damages for each, at $1,500 per call, for a total of $3,000 in treble damages pursuant to 47 U.S.C. § 227(b)(3).[4]

*2. Costs*

Plaintiff also seeks $952 in costs pursuant to Federal Rule of Civil Procedure 54(d)(1), and Local Civil Rule 54.1(a). Federal Rule of Civil Procedure 54(d)(1) generally permits an award of costs to the prevailing party, including on a motion for default judgment. *See Aspen Am. Ins. Co. v. Total Quality Logistics, LLC*, No. 17-5281, 2019 WL 1275058, at *5 (D.N.J. Mar. 20, 2019). Plaintiff's requested costs consist of $402 for the filing fee and $550 paid to a private process server to serve the Complaint, Summons, and subpoenas pursuant to 28 U.S.C. § 1920(1) and 28 U.S.C. § 1921. Mot. at 12. But in this Circuit, under these statutes, "the costs for private servers are not taxable." *Knowles v. Temple Univ.*, 109 F.4th 141, 144 (3d Cir. 2024). As a result, the Court declines to award Plaintiff the $550 paid to a private process server, but will award Plaintiff the requested $402 for the filing fee.

## IV. CONCLUSION AND ORDER

**IT IS**, on this **11th** day of August, 2026;

**ORDERED** that Plaintiff's motion for default judgment, D.E. 15, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that judgment is hereby **ENTERED** against Defendant in the amount of $3,902; and it is further

[4] In total, the Court will award Plaintiff $500 for the first phone call, and $1,500 for each of the second and third phone calls, for a total of $3,500 in statutory damages.

**ORDERED** that the Clerk of Court shall **CLOSE** this case. Plaintiff may seek leave of Court to reopen the matter if necessary.

Evelyn Padin, U.S.D.J.